Tammy Hussin, Esq. (Bar No. 155290)
Lemberg & Associates, LLC
6404 Merlin Drive
Carlsbad, CA 92011
Telephone (855) 301-2100 ext. 5514
thussin@lemberglaw.com

Lemberg & Associates, LLC
1100 Summer Street
Stamford, CT  06905
Telephone:  (203) 653-2250
Facsimile:  (203) 653-3424

Attorneys for Plaintiff,
Geri Marshall

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
SACRAMENTO DIVISION

| | |
|---|---|
| Geri Marshall,<br><br>           Plaintiff,<br><br>   vs.<br><br>Bay Area Credit Services, LLC; and DOES 1-10, inclusive,<br><br>           Defendants. | Case No.:<br><br>**COMPLAINT FOR DAMAGES**<br>**1. VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692 *ET. SEQ*;**<br>**2. VIOLATION OF FAIR DEBT COLLECTION PRATICES ACT, CAL.CIV.CODE § 1788 *ET. SEQ.***<br>**3. VIOLATION OF TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C.  § 227 *ET SEQ.***<br><br>**JURY TRIAL DEMANDED** |

For this Complaint, the Plaintiff, Geri Marshall, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et. seq*. (the "TCPA"), and the invasions of Plaintiff's personal privacy by the Defendants and its agents in their illegal efforts to collect a consumer debt.

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendants transact business here and a substantial portion of the acts giving rise to this action occurred here.

## PARTIES

4. The Plaintiff, Geri Marshall (hereafter "Plaintiff"), is an adult individual residing at Modesto, California, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5. The Defendant, Bay Area Credit Services, LLC (hereafter "Defendant"), is a company with an address of 1901 West 10th Street, Antioch, California 94509 , operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6. Does 1-10 (the "Collectors") are individual collectors employed by Defendant and whose identities are currently unknown to the Plaintiff. One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7. Defendant at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

**A.   The Debt**

8. The Plaintiff allegedly incurred a financial obligation (the "Debt") to AT&T (the "Creditor").

9. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10. The Debt was purchased, assigned or transferred to Defendant for collection, or Defendant was employed by the Creditor to collect the Debt.

11. The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

**B.   The Facts**

12. Prior to the acts alleged herein, Plaintiff obtained a landline telephone service from AT&T through a government subsidized program, called Lifeline, which provides phone lines to persons with low income. Plaintiff had the Lifeline for many

years, but at some point AT&T removed her from the program and demanded that she pay an outstanding balance of approximately $600.00.

13. Plaintiff believes that AT&T mistakenly removed her from the Lifeline service and has always disputed the existence of the Debt. Plaintiff exists on a severely limited income, is on welfare and food stamps, and is sometimes rendered homeless. As such, even if Plaintiff did not dispute the Debt, she had, and at all times herein mentioned has, no financial means with which to pay the Debt.

14. AT&T assigned the Debt to Bay Area for collection, and Bay Area thereafter began to place calls to Plaintiff on her cellular telephone in an attempt to collect the Debt.

15. Bay Area placed calls to Plaintiff's cellular telephone by using an automated telephone dialer system ("ATDS") and/or by using an artificial or prerecorded voice.

16. When Plaintiff answered the calls, Bay Area used a prerecorded or artificial voice to deliver a message.

17. Plaintiff never provided her cellular telephone number to AT&T or to Bay Area, and never provided consent to be contacted on her cellular telephone.

18. Plaintiff advised Bay Area that she disputed the Debt. Plaintiff advised Bay Area that she had no intention and no ability to pay the Debt and requested that the calls to her stop.

19. Despite being instructed by Plaintiff not to call, Defendant thereafter continued to place calls to Plaintiff's cellular telephone at an annoying and harassing rate, placing calls almost daily, sometimes multiple times a day, for weeks and months on end.

20. On many occasions, Plaintiff spoke with Bay Area in an effort to get the calls to stop.

21. The telephone number called by Defendant was assigned to a cellular telephone service for which Plaintiff incurs charges for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

22. The calls from Defendant to Plaintiff were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

23. Defendant's Robocalls failed to provide Plaintiff with an option to opt out of receiving such Robocalls in violation of the Code of Federal Regulations, 47 CFR 64.1200, *et seq.*

**COUNT I**
**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**15 U.S.C. § 1692,** *et seq.*

24. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

25. The Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt, in violation of 15 U.S.C. § 1692d.

5

26. The Defendants caused a phone to ring repeatedly and engaged the Plaintiff in telephone conversations, with the intent to annoy and harass, in violation of 15 U.S.C. § 1692d(5).

27. The Defendants used unfair and unconscionable means to collect a debt, in violation of 15 U.S.C. § 1692f.

28. The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

29. The Plaintiff is entitled to damages as a result of the Defendants' violations.

## COUNT II
## VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, Cal. Civ. Code § 1788 *et seq.*

30. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

31. The Rosenthal Fair Debt Collection Practices Act, California Civil Code section 1788 et seq. ("Rosenthal Act") prohibits unfair and deceptive acts and practices in the collection of consumer debts.

32. Bay Area Credit Services, LLC, in the regular course of business, engages in debt collection and is a "debt collector" as defined by Cal. Civ. Code § 1788.2(c).

6

33. The Defendants caused a telephone to ring repeatedly and engaged the Plaintiff in continuous conversations with an intent to annoy the Plaintiff, in violation of Cal. Civ. Code § 1788.11(d).

34. The Defendants communicated with the Plaintiff with such frequency as to be considered harassment, in violation of Cal. Civ. Code § 1788.11(e).

35. The Defendants failed to comply with the provisions of 15 U.S.C. § 1692, et seq., in violation of Cal. Civ. Code § 1788.13(e).

36. The Defendants did not comply with the provisions of Title 15, Section 1692 of the United States Code, in violation of Cal. Civ. Code § 1788.17.

37. The Plaintiff is entitled to damages as a result of the Defendants' violations.

### COUNT III
### VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT – 47 U.S.C. § 227, *et seq.*

38. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

39. During all times mentioned herein, Bay Area placed calls to Plaintiff on her cellular telephone without her consent by using an automatic telephone dialing system and/or by using an automated or prerecorded voice in violation of 47 U.S.C. § 227(b)(1)(A)(iii).

40. Defendant placed calls to Plaintiff's cellular telephone using prerecorded voice knowing that it lacked consent to call his number. As such, each call placed to

7

Plaintiff was made in knowing and/or willful violation of the TCPA, and subject to treble damages pursuant to 47 U.S.C. § 227(b)(3)(C).

41. As a result of each call made in negligent violation of the TCPA, Plaintiff is entitled to an award of $500.00 in statutory damages for each call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

42. As a result of each call made in knowing and/or willful violation of the TCPA, Plaintiff is entitled to an award of treble damages in an amount up to $1,500.00 pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

43. Defendant violated 47 CFR 64.1200(b)(3) in that it failed to provide an automated, interactive voice- and/or key press-activated opt-out mechanism for Plaintiff to make a do-not-call request, including brief explanatory instructions on how to use such mechanism, within two (2) seconds of providing the identification information required in paragraph (b)(1) of 47 CFR 64.1200.

## COUNT IV
## INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

44. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

45. The Restatement of Torts, Second, § 652B defines intrusion upon seclusion as, "One who intentionally intrudes…upon the solitude or seclusion of another, or his private affairs or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person."

46. California further recognizes the Plaintiff's right to be free from invasions of privacy, thus the Defendants violated California state law.

47. The Defendants intentionally intruded upon Plaintiff's right to privacy by continually harassing Plaintiff with numerous calls.

48. The telephone calls made by the Defendants to Plaintiff were so persistent and repeated with such frequency as to be considered, "hounding the plaintiff," and, "a substantial burden to her existence," thus satisfying the Restatement of Torts, Second, § 652B requirement for an invasion of privacy.

49. The conduct of the Defendants in engaging in the illegal collection activities resulted in multiple invasions of privacy in such a way as would be considered highly offensive to a reasonable person.

50. As a result of the intrusions and invasions, the Plaintiff is entitled to actual damages in an amount to be determined at trial from the Defendants.

51. All acts of the Defendants and its agents were committed with malice, intent, wantonness, and recklessness, and as such, the Defendants are subject to punitive damages.

## **PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff prays that judgment be entered against the Defendants:

    A. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against the
        Defendants;

9

B.  Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against the Defendants;

C.  Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against the Defendants;

D.  Actual damages pursuant to Cal. Civ. Code § 1788.30(a);

E.  Statutory damages of $1,000.00 for knowingly and willfully committing violations pursuant to Cal. Civ. Code § 1788.30(b);

F.  Statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B) & (C);

G.  Actual damages from the Defendants for the all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations and intentional, reckless, and/or negligent invasions of privacy and intentional infliction of emotional distress in an amount to be determined at trial for the Plaintiff;

H.  Punitive damages; and

I.  Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

DATED:  January 2, 2014                           TAMMY HUSSIN

                                                  By: _/s/  Tammy Hussin_
                                                  Tammy Hussin, Esq.
                                                  Lemberg & Associates, LLC
                                                  Attorney for Plaintiff, Geri Marshall

10